**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| KELLEY NORRIS, Individually and d/b/a | § | |
| DREAM TO DANCE, MAURICIO DE LAS | § | |
| FUENTES, Individually and d/b/a | § | |
| TEXAS-MEXICO EXPRESS, JEAN | § | |
| JOWERS, Individually and d/b/a B&R | § | |
| FOOD SERVICE, and JANNETTA PENN, | § | |
| Individually and d/b/a WEST TEXAS | § | |
| RECYCLING on behalf of themselves | § | |
| and as Representatives of a class of all | § | |
| others similarly situated, | § | |
| | § | |
| Plaintiffs, | § | Case No. 4:09-CV-206 |
| | § | |
| v. | § | |
| | § | |
| COMMERCIAL CREDIT COUNSELING | § | |
| SERVICES, INC. d/b/a CORPORATE | § | |
| TURNAROUND, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS FOR IMPROPER VENUE**

The following are pending before the court:

1.  Defendant's motion to dismiss for improper venue, lack of standing and failure to state a claim (docket entry #6);

2.  Plaintiffs' response to motion to dismiss for improper venue, lack of standing, failure to state a claim and supporting brief (docket entry #9);

3.  Defendant's reply and objections to Plaintiffs' response to motion to dismiss (docket entry #10); and

4.  Plaintiffs' sur-reply to Defendant's reply and objections to Plaintiffs' reply to motion to dismiss and supporting brief (docket entry #11).

Having considered the above-referenced motion and the responsive briefing thereto, the court finds

that the Defendant's motion to dismiss for improper venue should be granted.

On May 10, 2007, Plaintiff Kelley Norris, doing business as Dream to Dance, entered into a "Debt Reconciliation & Security Agreement" with the Defendant. The following clause was contained within the Agreement:

> CT is not liable for any debts I owe. I agree to hold CT harmless and indemnify CT for any legal action associated with this reconciliation. The laws of the State of New Jersey shall govern any disputes arising under or in connection with this Agreement and I agree that the venue and jurisdiction for any lawsuit in connection with this Agreement will be the Superior Court within Bergen County in the State of New Jersey.[1]

On May 1, 2009, the Plaintiffs herein filed their lawsuit against the Defendant under the Class Action Fairness Act ("CAFA"). The Plaintiffs have asserted claims under the Texas Uniform Fraudulent Transfer Act, the Texas Deceptive Trade Practices Act and the Texas Debt Management Services Act.

In response, the Defendant filed a motion to dismiss for improper venue, lack of standing and failure to state a claim upon which relief can be granted.[2] In its motion to dismiss for improper

---

[1]Mauricio de las Fuentes, doing business as Texas Mexico Express, entered into an identical agreement with the Defendant on December 21, 2006. Jean Jowers, doing business as B&R Food Service, and Jannetta Penn, doing business as West Texas Recycling, entered into similar agreements with the Defendant on August 3, 2006 and October 5, 2006, respectively. However, their agreements were styled as "Debt Restructuring & Security Agreement[s]." The following clause was contained in their Agreements:

> CT is not liable for any debts I owe. I agree to hold CT harmless and indemnify CT for any legal action associated with this restructuring. The laws of the State of New Jersey shall govern any disputes arising under or in connection with this Agreement and I agree that the venue and jurisdiction for any lawsuit in connection with this Agreement will be the Superior Court within Bergen County in the State of New Jersey.

[2]Since the court is granting the Defendant's motion to dismiss for improper venue, the court need not reach the remaining portions of the Defendant's motion to dismiss.

venue, the Defendant contends that the parties are bound by the contractual forum selection clause. In response, the Plaintiffs argue that venue is proper in this court because:

1. The alleged fraudulent acts occurred in the State of Texas;

2. This court is vested with original jurisdiction under CAFA;

3. CAFA preempts the forum selection clause;

4. The forum selection clause does not cover the tort claims at issue in this case; and

5. The contracts are void.

## LEGAL STANDARD

The Defendant moved to dismiss the Plaintiff's lawsuit under FED. R. CIV. P. 12(b)(3) on the basis that venue is improper herein due to the forum selection clause contained in the above-referenced contract.[3]  The court applies federal law, rather than state law, to determine the enforceability of a forum selection clause.  *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008).  The court views all the facts in the light most favorable to the Plaintiff.  *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237-238 (5th Cir. 2009), citing *Ginter ex rel. Ballard*, 536 F.3d at 448 (Dennis J., dissenting).   In considering a FED. R. CIV. P. 12(b)(3) motion to dismiss for improper venue, the court may consider the complaint, the attachments to the complaint and other evidence contained in the record.  *Id.* at 238 (citation omitted).

---

[3]The Defendant also moved to dismiss the Plaintiff's lawsuit pursuant to 28 U.S.C. § 1406. However, it does not appear that § 1406 is applicable to the facts herein.  Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The statute appears to apply to cases that were filed appropriately in federal court but not, however, in the correct division or district of *federal* court. Here, the Defendant is seeking the dismissal of the Plaintiff's case because the Defendant contends that the lawsuit should have been filed in *state* court, not federal court.  Accordingly, the court need not analyze the Defendant's motion under 28 U.S.C. § 1406.

"Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a ' " 'heavy burden of proof.' " '" *Ginter ex rel. Ballard*, 536 F.3d at 441, citing *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997), quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17, 92 S. Ct. 1907, 1917, 32 L. Ed. 2d 513 (1972). In a case such as this one, "where a litigant in federal court attempts to have a case dismissed based on a contractual provision requiring suit to be filed in state court, the forum-selection clause should be upheld unless the party opposing its enforcement can show that the clause is unreasonable." *Id.* (citation omitted). "The clause might be unreasonable when, among other things, its inclusion is the product of 'overreaching' or when its enforcement would 'contravene a strong public policy of the forum state.'" *Id.* (citation omitted). If the contractual forum selection clause is not unreasonable, the court must then determine whether the clause covers the tort claims at issue in the case. *Id.* (citation omitted).

## DISCUSSION AND ANALYSIS

### A.   ENFORCEABILITY OF THE FORUM SELECTION CLAUSE

The Plaintiffs have offered several reasons regarding the unenforceability of the forum selection clause. The court will address each in turn.

#### 1.   Void

In their amended complaint, the Plaintiffs pled the following:

53.   According to the records of the Texas Consumer Credit Commissioner, neither Commercial Credit Counseling Services, Inc. nor Corporate Turnaround have made application to be a Texas provider, been approved, paid the required fees, posted the surety bond, provided the commissioner with the names and home addresses of each officer and director, or maintained the required records needed to be in compliance with the Commission's rules.

54.     Under the Texas Finance Code § 394.215 *et seq*., an agreement for debt management services between a consumer and a "person", such as CT, that is not registered with the Texas Consumer Credit Commissioner and has not paid the requisite state registration fees is <u>void</u>.[4]

55.     CT has violated Texas law and its contracts with the Plaintiffs and putative class members are <u>void</u>.

56.     Because CT's agreements with the Plaintiffs and putative class members are <u>void</u>, the Plaintiffs and putative class members are entitled to damages promulgated under the Texas Finance Code.

57.     Because its agreements with the Plaintiffs and putative class members are <u>void</u>, CT's choice of New Jersey law, jurisdiction in the state [sic] of New Jersey, and venue in Superior Court in Bergen County, New Jersey, is a nullity.

Pl. First Amd. Original Class Action Compl., p. 11, ¶¶ 53-57.

Here, the Plaintiffs appear to be contending that the contracts are unenforceable because of fraud and overreaching.[5]  However, "[f]raud and overreaching must be specific to a forum selection clause in order to invalidate it." *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997). "'[A] forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion.'" *Id*., quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14, 94 S. Ct. 2449, 2457 n. 14, 41 L. Ed. 2d 270 (1974) (emphasis in original), citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967). "Thus, allegations of such conduct as to the contract as a whole – or portions of it other than

---

[4]Section 394.215 of the Texas Finance Code provides, in pertinent part, as follows:

(a)     An agreement for debt management services between a consumer and a person that is not registered under this subchapter is void.

[5]Overreaching is defined as "'[t]he act or an instance of taking unfair commercial advantage of another, esp. by fraudulent means.'"  *Ginter ex rel. Ballard*, 536 F.3d at 449 n.2 (Dennis J., dissenting), quoting Black's Law Dictionary 1136 (8th ed. 2004).

the [forum selection/choice-of-law] clause – are insufficient; the claims of fraud or overreaching must be aimed straight at the [forum selection/choice-of-law] clause in order to succeed." *Id*. (citations omitted).

Here, the Plaintiffs contend that the contracts in their entirety are void due to fraud and overreaching. While the Plaintiffs' claims that the contracts are void might be proven true, they are inapposite to the court's enforceability determination which must precede any analysis of the merits. *Id*. at 964 (citation omitted). The Plaintiffs have not set forth any facts or arguments that the forum selection clause itself was the product of fraud or overreaching. Accordingly, the court concludes that the forum selection clause was not the product of fraud or overreaching and, as such, the forum selection clause is not a nullity.

### 2. Unreasonable

The Plaintiffs, citing 28 U.S.C. §§ 1391(a)(2) & (b)(2), next contend that the forum selection clause is unreasonable because a substantial portion of the Plaintiffs' claims occurred in Collin County, Texas and throughout the State of Texas. In light of the Plaintiffs' heavy burden of proof, the court finds that the Plaintiffs' reliance on the general venue statute does not overcome the presumed enforceability of the forum selection clause herein.[6]

---

[6]Although the Plaintiffs, in their briefing, make a public policy argument in connection with their reliance on CAFA as grounds for ignoring the forum selection clause, the Plaintiffs appear to allege in their first amended complaint, but make no argument in their briefing, that enforcement of the forum selection clause is unreasonable because it would contravene a strong public policy of Texas. *See* TEX. FIN. CODE ANN. § 394.215. While the court may consider the complaint, the attachments to the complaint, and other evidence contained in the record, the Plaintiffs have offered nothing other than a bare allegation in their first amended complaint that Section 394.215 of the Texas Finance Code was violated.

3.      **CAFA**

Without citing to any federal authority, the Plaintiffs argue that CAFA preempts the forum selection/choice-of-law clause and is, therefore, unenforceable. As more fully explained below, the court declines to adopt the Plaintiffs' assertion that CAFA preempts the contractual forum selection/choice-of-law clause.

The Plaintiffs next contend that the court is vested with jurisdiction to preside over this class action lawsuit under CAFA. While this statement might be true, it does not resolve the issue regarding enforceability of the forum selection clause. Although the Fifth Circuit has not yet analyzed the role of forum selection clauses with respect to CAFA, other circuit and district courts have. In *Piechur v. Redbox Automated Retail, LLC*, the district court remanded a class action to state court. 2010 WL 706047 (S.D. Ill. 2010). In *Piechur*, the Plaintiff filed a class action suit in Illinois state court. The Defendant removed the lawsuit to federal court, relying on federal jurisdiction under CAFA. The Plaintiff subsequently filed a motion to remand on three grounds, one being the enforcement of a forum selection clause. *Id*. at *1. Finding the forum selection clause enforceable, the district court remanded the lawsuit to state court. *Id*. at *2-*4; *see also Guenther v. Crosscheck Inc.*, 2009 WL 1248107, *5 (N.D. Cal. 2009) ("CAFA gave federal courts 'original' jurisdiction over class actions that satisfy certain criteria, but it did not give federal courts *exclusive* jurisdiction over this action. *See* 28 U.S.C. § 1332(d). . . . Although CAFA may otherwise afford this Court jurisdiction, however, CAFA does not trump a valid, enforceable and mandatory forum-selection clause by which parties agreed to litigate in state court . . . It is often the case that federal courts have jurisdiction yet decline to exercise it in the face of a valid forum-selection clause.").

The Plaintiffs argue, however, that based on *Doe 1 v. AOL LLC*, 552 F.3d 1077 (9th Cir.

2009), the forum selection clause herein is unenforceable because it violates public policy. In *Doe 1*, the Plaintiffs brought a lawsuit in a California federal district court on behalf of themselves and other similarly situated AOL members alleging violations of the federal electronic privacy law, 18 U.S.C. § 2702(a). *Doe 1*, 552 F.3d at 1078. Additionally, a subclass of AOL members who were California residents alleged violations of various California state laws, the most significant being violations of the California Consumers Legal Remedies Act, California Civil Code § 1770 ("CLRA"). *Id.* Under the AOL Member Agreement, the plaintiffs agreed to the following:

> The laws of the Commonwealth of Virginia, excluding its conflicts-of-law rules, govern this Member Agreement and your membership. You expressly agree that exclusive jurisdiction for any claim or dispute with AOL or relating in any way to your membership or your use of the AOL Services resides in the courts of Virginia and you further agree and expressly consent to the exercise of personal jurisdiction in the courts of Virginia in connection with any such dispute including any claim involving AOL or AOL Services. . . .

*Id.* at 1080.

AOL moved to dismiss the plaintiffs' lawsuit for improper venue based on the forum selection clause. The federal district court determined that the forum selection clause was enforceable and dismissed the lawsuit. On appeal, the plaintiffs argued that the forum selection clause was unenforceable because it violated California public policy against waivers of class action remedies and rights under the CLRA. *Id.* at 1082. The Ninth Circuit, citing *America Online, Inc. v. Superior Court of Alameda County (Mendoza)*, 90 Cal. App. 4th 1, 108 Cal. Rptr. 2d 699 (2001), found the forum selection clause to be unenforceable because "the clause violated California public policy on two grounds: (1) enforcement of the forum selection clause violated California public policy that strongly favors consumer class actions, because consumer class actions are not available in Virginia state courts; and (2) enforcement of the forum selection clause violates the anti-waiver

provision of the Consumer Legal Remedies Act (CLRA) which states '[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void.'" *Id.* at 1083-1084 (internal citations and footnotes omitted).

The Plaintiffs argue that, as in *Doe 1*, the forum selection/choice-of-law clause herein is unenforceable because it contravenes public policy. The instant forum selection/choice-of-law clause provides that the laws of the State of New Jersey shall govern any disputes arising under or in connection with the Agreement and that venue and jurisdiction for any lawsuit in connection with the Agreement will be in the Superior Court of Bergen County in the State of New Jersey. According to the Plaintiffs, N.J.S.A. 17:16G-1 *et seq*., (the New Jersey Debt Adjustment and Credit Counseling Act) regulates the Defendant and the business in which it is engaged. The Plaintiffs contend, however, that the Act provides protection only to New Jersey residents but not to residents of the other states. In support of their contention, the Plaintiffs rely on the July 28, 2008 Bulletin 08-13 issued by the State of New Jersey Department of Banking and Insurance Commissioner. It appears that the Plaintiffs rely on the following two statements contained within the bulletin:

- "The purpose of this bulletin is to remind interested parties of the requirements of N.J.S.A. 17:16G-1 et seq. (the Act), regarding the providing of debt adjustment services to New Jersey residents."

- "In particular, this Bulletin addresses the fact that, unless qualified for an exemption as set forth in N.J.S.A. 17:16G-1(c), only those entities that are licensed to act as a debt adjuster by the Department may perform debt adjustment services as defined therein for New Jersey residents."

PL. SUR-REPLY, EXH. 12. Based on the foregoing, the Plaintiffs argue that the forum selection/choice-of-law clause is unenforceable because it diminishes the rights of Texas consumers. Additionally, the Plaintiffs contend that the "remedies available in New Jersey are not 'comparable'

to those in Texas[]" because the remedies available under the New Jersey Debt Adjustment and Credit Counseling Act are only afforded to New Jersey residents. *Id*. at 4.

Having reviewed the New Jersey Debt Adjustment and Credit Counseling Act, the court concludes that any remedies available under the Act are not limited to New Jersey residents. According to N.J.S.A. 17:16G-8, "[i]n addition to any other remedies or penalties available for a violation of P.L. 1979, c. 16 (C.17:16G-1 et seq.), any debtor injured by a violation of P.L. 1979, c. 16 (C.17:16G-1 et seq.) may bring a civil action for recovery of damages." A "debtor" is defined as "an individual or two or more individuals who are jointly and severally, or jointly or severally indebted." N.J.S.A. 17:16:G-1(d). By definition, the Act does not limit recovery to New Jersey residents. The Bulletin served as nothing more than an advisory to the residents of New Jersey regarding debt management services. As such, and without more, the court finds that the forum selection clause is enforceable since it does not contravene Texas public policy.

Based on the foregoing, the court finds that the forum selection clause is enforceable. The Plaintiffs have failed to bear their heavy burden that the forum selection clause should be held unenforceable. *See Ginter ex rel. Ballard*, 536 F.3d at 444.

**B.    FORUM SELECTION CLAUSE'S COVERAGE OF THE TORT CLAIMS**

The Plaintiffs appear to contend that even if the court finds the forum selection clause to be enforceable, the forum selection clause should not apply herein. The Plaintiffs argue that this case arises from misrepresentations made by the Defendant to induce the Plaintiffs to execute the contracts. The Plaintiffs assert that since their causes of action stem from alleged violations of the Texas Deceptive Trade Practices Act, the contractual forum selection clause does not control.

The court must examine the forum selection/choice-of-law clause with "a common-sense

view of the causes of actions to determine whether the clause was broad enough to cover the torts." *Ginter ex rel. Ballard*, 536 F.3d at 444-445. Here, the forum selection/choice-of-law clause provides that "[t]he laws of the State of New Jersey shall govern any disputes arising under or in connection with this Agreement . . ." Since the clause covers any disputes arising under or in connection with the Agreement and since the Plaintiffs' causes of action all arise out of their contractual relationships with the Defendant, the court finds that the Plaintiffs' causes of action are covered by the forum selection/choice-of-law clause. *See id*. at 445.

## CONCLUSION

Based on the foregoing, the court finds that the forum selection clause is enforceable and governs the tort claims at issue in this case. *See id*. The Defendant's motion to dismiss for improper venue (docket entry #6) is hereby **GRANTED WITHOUT PREJUDICE** to the Plaintiffs refiling their lawsuit in the Superior Court of Bergen County in the State of New Jersey.

IT IS SO ORDERED.

**SIGNED this the 31st day of March, 2010.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE